```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|   |   |
|---|---|
| NEAL HILLIARD, | Civil Action No. 09-4282 (JBS) |
| Plaintiff, | |
| v. | **OPINION** |
| EDWARD F. REILLY, JR., | |
| Defendant. | |

**APPEARANCES:**

    NEAL HILLIARD, #16450-016, Plaintiff Pro Se
    FCI Fairton
    P.O. Box 420
    Fairton, New Jersey  08320

**SIMANDLE**, District Judge

Plaintiff, who is serving a 60-month federal sentence imposed by the United States District Court for the District of Columbia, filed a paid Complaint against Edward F. Reilly, Jr., Chairman of the United States Parole Commission.  In accordance with the requirements of 28 U.S.C. § 1915A, this Court has screened the Complaint to identify cognizable claims and will dismiss the Complaint for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

## I.  BACKGROUND

In this Complaint, filed pro se, Plaintiff Neal Hilliard seeks damages from the Chairman of the U.S. Parole Commission, alleging he was incarcerated for six years due to the unconstitutional denial of parole.  He also asks this Court to

apply six years of credit toward the five-year federal sentence he is currently serving.

In addition to reviewing the Complaint and attachments, this Court has taken judicial notice of prior judicial dockets and opinions involving Plaintiff.  See McTernan v. City of York, ____ F. 3d ____, 2009 WL 2581430 at *3 (3d Cir. Aug. 24, 2009).

On September 17, 1988, the Superior Court for the District of Columbia sentenced Plaintiff to a sentence of twenty months to five years imprisonment after a jury found him guilty of distribution and possession with intent to distribute marijuana and PCP.  See Hilliard v. Wiley, Civ. No. 02-1841 (JEC) report & recommendation (N.D. Ga. March 21, 2003).  On May 25, 1989, the same court sentenced Plaintiff to a term of fifteen years to life based on his guilty plea to manslaughter while armed.  Id.

In 1991, while Plaintiff was serving his D.C. sentences, the United States filed an indictment against him and several other defendants.  See United States v. Hilliard, Crim. No. 91-0559-TFH-10 (D.D.C. filed Sept. 25, 1991).  By judgment entered February 25, 1993, and based on Plaintiff's guilty plea to conspiracy to distribute and possess with intent to distribute drugs, United States District Judge George H. Revercomb sentenced Plaintiff to a 60-month term of incarceration, to run consecutive with the term of incarceration imposed by D.C. Superior Court for manslaughter in Docket No. 3432-88.  Id. at Docket entry #1206

(Feb. 25, 1993). Plaintiff appealed, and on June 24, 1994, the District of Columbia Circuit affirmed. Id. at docket entry #1509 (June 24, 1994).

On July 1, 2002, Plaintiff, who was then incarcerated at USP Atlanta and serving his DC sentence, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the denial of parole on that sentence by the United States Parole Commission. See Hilliard v. Wiley, Civ. No. 02-1841 (JEC) (N.D. Ga. filed July 1, 2002). After considering the government's answer and Plaintiff's reply, on March 24, 2003, United States Magistrate Judge Janet F. King entered a final report and recommendation recommending denial of the petition. Id. at Docket entry #10. After considering Plaintiff's objections, by order and judgment entered April 18, 2003, United States District Judge Julie E. Carnes adopted the report and recommendation and entered judgment denying the petition. Id. at Docket entry nos. 12, 13.

The following is an outline of the facts found by the court in that proceeding. On January 5, 1999, Plaintiff applied to the United States Parole Commission for parole.[1] He received an initial parole hearing on March 7, 2001. The parole decision was

---

[1] On August 5, 1998, the Commission assumed the responsibility of making parole release determinations for D.C. Code offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act. See Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745; D.C. Code § 24-131 (2001).

deferred in order for the Commission to obtain information regarding Plaintiff's prior convictions.  Noting that Plaintiff had been custody for 156 months, the hearing examiner calculated his guideline range as 249 to 309 total months in prison and recommended that Petitioner be continued to a 60-month reconsideration hearing from the date of the hearing.  On September 25, 2001, the Commission agreed with the hearing examiner, denied parole, and set Plaintiff's reconsideration hearing for March 2006 or 60 months from the date of his initial parole hearing.  However, on January 9, 2003, the Commission reopened the matter, vacated its decision, and remanded for a new hearing at which the Commission would assess whether Plaintiff's conviction for carrying a weapon involved felony violence.

Judge King issued her report and recommendation on March 21, 2003, before the Commission conducted a rehearing.  In recommending the denial of habeas relief, Judge King rejected Plaintiff's claims as follows: (1) the Commission did not deny Plaintiff 172 days of jail credits from the time he was arrested in April 1988 until he was sentenced; (2) given the seriousness of Plaintiff's involvement in the "R Street Organization," the Commission properly exercised its discretion in refusing to advance his release date based on program achievement during incarceration; (3) the Commission did not act unlawfully in conducting Plaintiff's parole hearing 18 months after his parole

eligibility date, given that the Commission did not have sufficient information on Plaintiff's prior offenses; (4) the Commission did not abuse its discretion and acted pursuant to federal regulations in setting the reconsideration date from the date of the hearing or departing from the three-year set-off rule; (5) the Commission did not violate the Ex Post Facto Clause in considering parole under the United States Parole Commission regulations, rather than the "less restrictive" D.C. parole guidelines; (6) the Commission properly considered Plaintiff's disciplinary infractions that were over four years old; (7) the Commission did not engage in impermissible "double counting;" and (8) because the Commission remanded to give Plaintiff an opportunity to respond to the consideration of his 1985 conviction as felony violence, Plaintiff's claim that the Commission improperly considered this conviction as felony violence is moot. See Hilliard v. Wiley, Civ. No. 02-1841 report & recommendation (N.D. Ga. Mar. 21, 2003). Judge Carnes adopted the report and recommendation after considering Plaintiff's objections. Plaintiff did not appeal from Judge Carnes' order denying habeas relief.

In April 2009, Plaintiff was paroled on his D.C. sentence and he began serving the 60-month federal sentence. (Compl. at p. 12.) On August 19, 2009, Petitioner submitted the instant Complaint to this Court with the $350.00 filing fee. The Clerk

received it on August 21, 2009.  Plaintiff asserts that his rights to due process were violated by the Chairman of the United States Parole Commission as follows: (1) improper use of federal parole guidelines to deny parole; (2) denial of 172 days of jail credit and failing to conduct the parole hearing until March 7, 2001, when his parole eligibility date was November 14, 1999; (3) use of disciplinary reports that were four years old; (4) he should have seen the D.C. Parole Board in 1998, before the U.S. Parole Commission assumed responsibility for D.C. Code offenders; (5) the hearing examiner improperly double counted his points; (6) the denial of parole on the D.C. sentence was arbitrary, capricious and an abuse of discretion; (7) the Commission improperly categorized his 1985 conviction of carrying a pistol without a license as carrying a dangerous weapon; (8) the Commission arbitrarily started Plaintiff's hit from March 7, 2001, the date of the parole hearing, rather than the eligibility date; (9) improper reliance on a PSI report on another charge that exaggerated Plaintiff's role in a conspiracy; (10) violation of the Ex Post Facto Clause; (11) the Commission arbitrarily departed from the guidelines.  Plaintiff seeks damages for six years of lost wages and unlawful incarceration, as well as credit against his current sentence for the six years which he should not have served on the D.C. sentence.  (Id. at p0. 3, 12.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A(a). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[2] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

The United States Court of Appeals for the Third Circuit instructed District Courts how to conduct the failure to state a claim analysis under Iqbal:

> First the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must

8

> do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

Fowler v. UPMC Shadyside, ___ F. 3d ___, 2009 WL 2501662 at *5 (3d Cir. Aug. 18, 2009) (citations and internal quotation marks omitted); see also McTernan v. City of York, ___ F. 3d ___, 2009 WL 2581430 at *8-*9 (3d Cir. Aug. 24, 2009).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of

the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). The Supreme Court found an implied damages remedy available under the Fourth Amendment. Bivens, 403 U.S. at 397. The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980). To state a claim for damages under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), a plaintiff must show that federal officers violated his constitutional rights. Malesko, 534 U.S. at 66.

A.  Damage Claims

Plaintiff seeks damages from the Chairman of the United States Parole Commission for the allegedly improper denial of parole on his D.C. manslaughter sentence for six years. Plaintiff's claims for damages based on allegedly unconstitutional incarceration resulting from the denial of his parole are not cognizable under the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994).  The Supreme Court held in Heck that a federal complaint seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.  As the Supreme Court explained in Wilkinson v. Dotson, 544 U.S. 74 (2005),

> a state prisoner's § 1983 action is barred
> (absent prior invalidation) - no matter the
> relief sought (damages or equitable relief),
> no matter the target of the prisoner's suit
> (state conduct leading to conviction or
> internal prison proceedings) - *if* success in
> that action would necessarily demonstrate the
> invalidity of the confinement or its
> duration.

Id. at 81-82 (2005) (emphasis in original).

11

In this Complaint, Plaintiff seeks damages for his incarceration as a result of the allegedly unconstitutional denial of parole for six years. In essence, Plaintiff contends that he would have been granted parole six years earlier if he had been considered under the D.C. parole guidelines and the United States Parole Commission had otherwise complied with federal law. If Plaintiff's parole was illegally denied, then success on Plaintiff's Bivens action would necessarily demonstrate the invalidity of the Parole Board's decision to deny parole, as well as the ruling of Judge Carnes in Plaintiff's § 2241 petition upholding that denial of parole. Because Plaintiff did not prevail in his habeas challenge to the denial of parole, Plaintiff's damage claims for wrongful incarceration for six years are barred by Heck. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that § 1983 claims challenging parole revocation and claiming that prison authorities failed to adequately investigate likelihood of recidivating, leading to a denial of parole, were barred by Heck); Butterfield v. Bail, 120 F. 3d 1023, 1024 (9th Cir. 1997) ("[f]ew things implicate the validity of continued confinement more directly than the allegedly improper denial of parole"); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) ("an action attacking the validity of parole proceedings calls into question the fact and duration of confinement," and therefore must be

12

brought as a petition for writ of habeas); cf. <u>Stewart v. City of Philadelphia</u>, 267 Fed. App'x 104, 105 (3d Cir. 2008) ("Stewart's action necessarily demonstrates the invalidity of his confinement [and is barred by <u>Heck</u>] because his complaint asserts that his confinement **was** the violation of federal law") (emphasis in original).  Because Plaintiff's challenge to the denial of parole for six years is not cognizable under 42 U.S.C. § 1983, the Court is constrained to dismiss the damage claims raised in the Complaint under 28 U.S.C. § 1915A(b)(1).

To the extent that Plaintiff seeks damages not for unlawful incarceration, but for the unconstitutional and illegal procedures used by the United States Parole Commission, the claim is not barred by <u>Heck</u>.  <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005).  However, Plaintiff presented these claims to Judge Carnes who considered, and rejected, each of them on the merits. Plaintiff may not re-litigate here the same claims that he lost upon the merits.  If Plaintiff disagreed with Judge Carnes' decision, the appropriate remedy was to file a notice of appeal. This Court will not relitigate those claims in this proceeding.

<u>B.   Claim for Credit on Current Federal Sentence</u>

Plaintiff also asks this Court to give him six years of credit against the five-year federal sentence he is currently serving because he should have been paroled six years earlier on the D.C. sentence.  This claim for equitable relief is not

cognizable under Bivens because the exclusive remedy for an inmate challenging the fact or duration of his federal confinement based on events subsequent to the sentence is a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  See Preiser v. Rodriquez, 411 U.S. 475 (1973); United States v. Kennedy, 851 F. 2d 689, 691 & n.4 (3d Cir. 1988) (challenge to parole commission's execution of federal sentence is properly brought under § 2241).  Moreover, although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  This means that, prior to bringing a § 2241 petition against the Warden of FCI Fairton based on the failure to give Plaintiff six years credit against his federal sentence, Petitioner must administratively exhaust his claim by presenting it to all three levels of the Bureau of Prisons.[3]

---

[3] The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).  An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form.  See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the

---

Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the final administrative appeal.  Id.

## **IV.  CONCLUSION**

The Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

                                           s/ Jerome B. Simandle
                                           **JEROME B. SIMANDLE, U.S.D.J.**

Dated:  **September 24, 2009**