```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NEAL HILLIARD, | Civil Action No. 09-4282 (JBS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| EDWARD F. REILLY, JR., | |
| Defendant. | |

**SIMANDLE**, District Judge

On September 24, 2009, the Court dismissed this case pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The matter is before the Court on Plaintiff's "motion for rehearing" of that decision [Docket Item 4] and his motion for the Court to issue a certificate of appealability [Docket Item 5]. The Court finds as follows:

1. Plaintiff is serving a 60-month federal sentence imposed by the United States District Court for the District of Columbia. He filed a complaint "under the Civil Rights Act," (Compl., at 1), that sought damages from the Chairman of the U.S. Parole Commission, alleging he was incarcerated for six years due to an unconstitutional denial of parole. He also sought six years of credit toward the five-year federal sentence he is currently serving.

2. Plaintiff's Complaint included many different theories for why his constitutional rights had been violated by the

Chairman of the United States Parole Commission's decision to deny him parole.  This Court, in dismissing the Complaint, did not reach the merits of any of these theories.  Instead, the Court dismissed the complaint because each of the claims was procedurally barred.

3.   Plaintiff seemed to seek relief from parole board actions that, if found to be unlawful, would render his continued incarceration unlawful, and so his claims would be barred by Heck v. Humphrey, 512 U.S. 477 (1994).  The Supreme Court held in Heck that a federal complaint seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 486-7.  The Court analyzed the complaint as seeking relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), since it seemed to seek relief from actions taken under color of federal law.  See also Lora-Pena v. F.B.I., 529 F.3d 503, 505 n.2 (3d Cir. 2008) (applying Heck bar to Bivens claims).

4.   The Court further found that to the extent Plaintiff's

pro se complaint could be interpreted to seek relief that would not affect the fact or length of his incarceration so as to avoid the Heck bar, the claims would still be barred by res judicata because Plaintiff had previously presented the same claims to a federal court and had them rejected on the merits.  See Hilliard V. Wiley, Civ. No. 02-1841 (N.D. Ga. Mar. 21, 2003).

5. Finally, the Court rejected Plaintiff's claim for equitable relief against a federal official for violation of the Constitution because such equitable relief was not cognizable under Bivens, which provides only for damages.

6. Plaintiff's present motion seeks amendment of this ruling based on what he terms "newly discovered evidence," which is a federal register notice of an interim rule regarding parole. The interim rule provides for an administrative remedy for inmates whose parole may have been improperly rejected under procedures found unconstitutional by recent court decisions.  74 Fed. Reg. 136, 34688 (July 17, 2009).

7. Whether Plaintiff's motion is reviewed under Federal Rules of Civil Procedure 59 or 60, or as a motion for reconsideration pursuant to Local Civil Rule 7.1, it does not have merit.  The existence of the new interim rule, if relevant at all, would seem to be relevant to the substance of Plaintiff's claims regarding the unconstitutionality of the parole decision. Even if the Court could entertain new arguments about the

substance under any of the above rules of procedure, they would not alter the Court's judgement that Plaintiff's claims cannot be heard by this Court.  Nothing in Plaintiff's submission suggests that this Court was incorrect to apply the <u>Heck</u> bar, that res judicata would be inappropriate, or that equitable relief was cognizable on a <u>Bivens</u> claim.

    8.  Plaintiff also moves for a certificate of appealability.  This Court is not aware of any requirement that Plaintiff receive this Court's approval in order to appeal the dismissal of Plaintiff's complaint, or of any provision of law pursuant to which such a certificate could be issued.  Perhaps Plaintiff is confused by the requirement of such a certificate in the context of habeas corpus relief pursuant to 28 U.S.C. § 2255.  <u>See</u> 28 U.S.C.A. § 2253.  No such certificate is needed to appeal this Court's decision.

    9.  Plaintiff's motion for reconsideration or otherwise to amend this Court's order of dismissal will be denied because Plaintiff's argument, even if it can be heard under some rule of procedure, does not address the reasons that the Court dismissed the complaint.  The motion for a certificate of appealability will be denied because no such certificate is necessary. The accompanying order will be entered.

**May 5, 2010**                                 **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                    United States District Judge